Whitaker, Judge,
dissenting in part and concurring in part:
I am unable to agree with the conclusion reached by the majority. The majority opinion distinguishes this case from Rankin v. United States, No. 45200, this day decided, because in the Rankin case the plaintiff himself negotiated the arrangement whereby the Works Progress Administration occupied space under lease to his firm of Kankin & Kellogg, and in the case at bar the lease was negotiated *381 by the rental agent of the building and the rental agent of the local office of Works Progress Administration. However, the rental agent of the building of course acted under the supervision and control of the plaintiff as the President of the Architects Building Corporation, and the rental agent of the Works Progress Administration acted under his supervision and control as the State Director of the Works Progress Administration. In the one case he acted himself, and in the other through his agents. Qui facit per alium, faoit per se.
This was a transaction forbidden, I think, by section 93, Title 18, U. S. Code. Not to so hold would permit the easiest sort of evasion of this statute. All an officer of a corporation would have to do would be to tell some one of his subordinates to negotiate a lease with him as an officer of the United States, or with one of his agents acting under his control as an officer of the United States.
Plaintiff’s president certainly knew of the negotiation of the lease by his building agent with his Works Progress Administration agent. • Such conduct, I think, is forbidden by the statute and, therefore, plaintiff is not entitled to recover for the space occupied by the Works Progress A.dministration. I think it is entitled to recover for the space occupied by the National Youth Administration, and ■ to this extent I concur in the majority opinion.
MaddeN, Judge, concurs in this opinion.